# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

DEREK J. PARSONS,
Plaintiff,

v.

GREG BAYES, GARY BAYES, JAMES GRAY, BRANDY MILLER, SEAN STRAUGHN, RYAN
ADAMS, DR. PROCTOR, TRISTAN TENNEY, MICHAEL BLATT, WEXFORD HEALTH SOURCES,
INC., and JANE DOE (Female Wexford Doctor, NRCF),
Defendants.

Civil Action No. $5:25$ cv $193$
JURY TRIAL DEMANDED

FILED

SEP 2 2025

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

# COMPLAINT UNDER 42 U.S.C. §1983 FOR VIOLATION OF CIVIL RIGHTS

## Jurisdiction and Venue

1. This is a civil action brought under 42 U.S.C. §1983 to redress the deprivation of Plaintiff's constitutional rights.
2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question).
3. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the events and omissions giving rise to this action occurred at Northern Regional Correctional Facility in Marshall County and at Huttonsville Correctional Center in Randolph County, both located within the Northern District of West Virginia.

## Parties

4. Plaintiff Derek J. Parsons is a resident of West Virginia. At all relevant times, Plaintiff was incarcerated within the West Virginia Division of Corrections system.
5. Defendant Greg Bayes was an instructor at NRCF and at all relevant times acted under color of state law.
6. Defendant Gary Bayes was an instructor at NRCF and at all relevant times acted under color of state law.
7. Defendant James Gray was the Health Services Administrator at NRCF and at all relevant times acted under color of state law.
8. Defendant Brandy Miller was the Associate Superintendent of Programs at NRCF and at all relevant times acted under color of state law.
9. Defendant Sean Straughn was Superintendent of NRCF and at all relevant times acted under color of state law.
10. Defendant Ryan Adams was a classification/transfer officer at NRCF and at all relevant times acted under color of state law.
11. Defendant Dr. Proctor was a physician at Huttonsville Correctional Center and at all relevant times acted under color of state law.
12. Defendant Tristan Tenney was Health Services Administrator at Huttonsville Correctional Center and at all relevant times acted under color of state law.
13. Defendant Michael Blatt was the State Superintendent of Schools in West Virginia, who received certified correspondence from Plaintiff regarding unsafe and retaliatory practices and failed to act.
14. Defendant Wexford Health Sources, Inc. is a private corporation contracted to provide medical services to inmates in West Virginia and acted under color of state law.
15. Defendant Jane Doe is a Wexford-employed physician at NRCF who refused to provide Plaintiff prescribed medication.

## Factual Allegations

16. On October 19, 2023, Plaintiff suffered a severe injury to his right index finger while using a band saw in a vocational carpentry class at NRCF.
17. Defendants Greg and Gary Bayes knew the saw blade was dull and unsafe, but failed to remove it from use or ensure safe conditions.

18. Plaintiff was taken to the ER in Glendale, WV, and later to WVU Medicine Wheeling Hospital Plastic Surgery on December 19, 2023.

19. Despite repeated requests, Defendants Gray, Proctor, Tenney, Jane Doe, and Wexford failed to provide adequate medical care, denied pain medication, and cancelled appointments.

20. Plaintiff filed multiple grievances documenting unsafe working conditions, retaliation, medical neglect, and interference. All grievances were exhausted.

21. Defendant Brandy Miller improperly intercepted grievances and responded outside her authority.

22. Defendant Ryan Adams arranged Plaintiff's transfer to a harsher facility in retaliation for filing grievances.

23. Defendant Straughn, as Superintendent, failed to correct unsafe conditions, medical neglect, and retaliation occurring under his supervision.

24. Defendant Blatt received certified notice of these unsafe and retaliatory conditions and failed to take action.

25. As a result of Defendants' actions and inactions, Plaintiff suffers permanent nerve damage, chronic pain, loss of sensation, deformity, emotional distress, and loss of enjoyment of life.

## Count I – Eighth Amendment: Unsafe Conditions of Confinement

Against Defendants Greg Bayes and Gary Bayes.

## Count II – Eighth Amendment: Deliberate Indifference to Serious Medical Needs

Against Defendants Gray, Proctor, Tenney, Jane Doe, and Wexford.

## Count III – First Amendment Retaliation

Against Defendants Miller, Adams, and Straughn.

## Count IV – First & Fourteenth Amendment: Interference with Access to Courts and Grievances

Against Defendants Miller, Straughn, and Blatt.

## Count V – Supervisory Liability

Against Defendants Straughn, Blatt, and Wexford.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment against Defendants for violation of Plaintiff's constitutional rights;

b. Award compensatory damages in an amount not less than $500,000;

c. Award punitive damages as allowed by law;

d. Grant injunctive relief requiring Defendants to cease retaliatory actions and to ensure adequate medical care;

e. Grant declaratory relief stating that Plaintiff's rights have been violated;

f. Award costs of this action;

g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Derek J. Parsons

Plaintiff, pro se

8/26/2025